NOT RECOMMENDED FOR PUBLICATION
File Name: 05a0120n.06

Filed: February 15, 2005

NO. 03-5473

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR THE |
| | ) | EASTERN DISTRICT OF KENTUCKY |
| | ) | |
| $9,040 in U.S. CURRENCY and $2,012 in | ) | |
| U.S. CURRENCY, | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| BETTY WOMBLES and BILL WOMBLES, | ) | |
| | ) | |
| Claimants-Appellants. | ) | |

_____

BEFORE: MERRITT and DAUGHTREY, Circuit Judges, and HAYNES,[*] District Judge.

PER CURIAM. This forfeiture action was instituted against moneys seized from the person of claimant Bill Wombles and from the residence of Bill Wombles and his wife, Betty Wombles, during the execution of a search warrant by local law enforcement officers, aided by federal agents, that was based on several sales of marijuana on the Wombleses' premises. Because the warrant authorized only the seizure of "marked money" used by

_____

[*]The Hon. William J. Haynes, United States District Judge for the Middle District of Tennessee, sitting by designation.

a confidential informant to buy the marijuana, which came to a total of $100, a state court judge ordered the return of the $11,052 to the claimants, even though marked bills were found co-mingled with some of the seized currency. Before the state court order was entered, however, this forfeiture action was commenced in federal court, and the money in question was transferred by local officers to the DEA.

The government initiated a formal civil action *in rem* under the provisions of 21 U.S.C. § 881(a)(6), which authorizes the forfeiture of moneys that were used or intended for use in exchange for controlled substances, that constituted proceeds traceable to such an exchange, or that were used to facilitate a violation of the Controlled Substances Act, 21 U.S.C. §§ 801 *et seq.* The Wombleses filed claims to the currency, contending that the government was barred by statute from seeking forfeiture of items that had been seized unlawfully, as determined by the state court in ordering the return of the currency, and – alternatively – that the district court should suppress the currency as illegally seized. In its response to these motions, the government pointed out that the state court was not exercising *in rem* jurisdiction when it ordered the return of the currency, that the order did not reflect a reason for the relief granted and, specifically, that there was no finding in the order that the currency had been seized illegally.

Noting the possibility that the action could require a trial to resolve these issues, the district court set a schedule for discovery and the filing of post-discovery motions. Faced with extensive government interrogatories and the prospect of being forced to submit to depositions, however, the claimants authorized their counsel to refuse to comply with discovery requests by the government, taking the position that the loss of $11,000 was "a

small price to pay for retaining their privacy." The formal response to the government's interrogatories and request for the production of documents recited in each instance that "Claimants by Counsel, with the advice of Counsel object to this Interrogatory/Request and decline to further respond or produce any requested documents or other information."

Met with this resistance, the government asked the district court to strike the claims and, there being no other claims to the currency, to enter a default judgment in its favor. The claimants conceded in response that they had declined to and would not comply with the government's requests for discovery. The district court entered an order granting the government's motion, striking the Wombleses' claims, and entering a default judgment in favor of the United States.

The claimants have appealed the district court's judgment, but they do not challenge the propriety of the order striking their claims or the validity of the resulting default judgment on procedural grounds. Instead, they continue to argue the merits of those claims. But at this point, the claims are no longer a matter of record and, therefore, there is no basis on which to review their merits. Unless we are given some good reason to overturn the district court's order striking the Wombleses' claims and to vacate the default judgment in the government's favor – and none has been proposed on appeal – there is no basis on which we could grant relief. The claimants were obviously aware when they refused to engage in discovery that they risked losing any interest that they might have to the currency at issue here.

The judgment of the district court is AFFIRMED.